# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JULIAN DOVE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:17-CV-334-WCL-PRC |
| ) | |
| QUALITY CORRECTIONAL CARE and ) | |
| TIM R. TROYER, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to File First Amended Complaint [DE 23], filed by Plaintiff on March 9, 2018. Plaintiff seeks leave of Court to file a First Amended Complaint to name Danny Thomas, Jason Hufnagle, Nicole Hufnagle, and Abigaile McLatcher, who were previously referred to as unnamed medical personnel, as defendants. Defendant Tim R. Troyer filed a response in opposition. Defendant Quality Correctional Care did not file a response, and Plaintiff did not file a reply.

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that a court should not deny leave to file an amended complaint in the absence of any apparent or declared reasons, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925,

927 (7th Cir. 1990).

Defendant Troyer's only objection to the proposed amended complaint is that the original complaint calls the then-unnamed individuals "medical personnel," which is how Plaintiff also refers to the individuals in the instant motion—likely to indicate that the proposed new defendants are the individuals identified as medical personnel in the original complaint. Troyer represents that these individuals are not medical personnel and are instead present and former jail officers with the Steuben County Sheriff's Department. Troyer notes that the proposed amended complaint does not indicate that these individuals are medical personnel. Thus, the proposed amended complaint fixes the misidentification that Troyer argues is grounds to deny the motion to amend. This does not present grounds on which to deny leave to amend. Given the strong mandate of Rule 15 to "freely give leave" and the absence of any apparent or declared reason to deny leave to amend, the instant motion will be granted.

Based on the foregoing and finding that justice so requires, the Court hereby **GRANTS** Plaintiff's Motion to File First Amended Complaint [DE 23] and **ORDERS** Plaintiff to **FILE** the Amended Complaint on or before **April 4, 2018**.

SO ORDERED this 30th day of March, 2018.

        s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE