# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JULIAN DOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-334-TLS |
| | ) |
| QUALITY CORRECTIONAL CARE, | ) |
| STEUBEN COUNTY SHERIFF | ) |
| TIM R. TROYER, DANNY THOMAS, | ) |
| JASON HUFNAGLE, | ) |
| NICOLE HUFNAGLE, | ) |
| and ABIGAIL MCLATCHER, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Defendants Danny Thomas, Jason Hufnagle, Nicole Hufnagle, Abigail McLatcher, and Steuben County Sheriff Tim R. Troyer, seek dismissal of the Plaintiff's claims in accordance with 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure as a sanction for the Plaintiff's repeated failure to comply with Court-ordered discovery deadlines, failure to comply with Court Orders, and failure to prosecute the Plaintiff's claim for more than six months.

## BACKGROUND

On August 7, 2017, the Plaintiff, Julian Dove, filed his Complaint [ECF No. 1] and Motion to Proceed in Forma Pauperis [ECF No. 2] against the Defendants Quality Correctional Care and Steuben County Sheriff Tim R. Troyer, alleging denial of adequate medical care during his time as a prisoner at the Steuben County Jail. The Plaintiff alleged that the Defendants actions violated his federally protected right to be free from cruel and unusual punishment under

the Eighth and/or Fourteenth Amendments and 42 U.S.C. § 1983. The Plaintiff also asserted state law tort claims. On September 18, 2017, the Court granted the Plaintiff's request to proceed without the prepayment of cost and fees [ECF No. 5].

On November 17, 2017 and November 21, 201, Defendants Troyer and Quality Correctional Care answered the Complaint [ECF Nos. 14, 17]. On January 10, 2018, the Court conducted a Rule 16 Preliminary Pretrial Conference [ECF No. 18]. The Court set the discovery deadline as September 28, 2018 [ECF No. 21].

Subsequently, on April 4, 2018, the Plaintiff filed an Amended Complaint which included additional Defendants Jason Hufnagle, Nicole Hufnagle, Abigail McLatcher, and Danny Thomas [ECF No. 26]. These Defendants, in addition to Troyer, filed an answer to the Plaintiff's Amended Complaint on April 10, 2018 [ECF No. 29].

On January 22, 2018, Defendants served their First Set of Interrogatories to Plaintiff and First Request of Production of Documents and Records to Plaintiff. (Defs. Suppl. Mot. to Compel Disc. ¶ 4, ECF No. 38). On May 4, 2018, the Plaintiff served Plaintiff's Responses to Defendants First Set of Interrogatories and Responses to Defendants' first Request for Production of Documents. (*Id.* ¶5.) The Plaintiff did not sign either response. (*Id.*) On May 9, 2018, Defendant served a Notice of Deposition upon Plaintiff's counsel to hold the deposition of the Plaintiff on May 31, 2018. (*Id.* ¶7.) On May 31, 2018, counsel for the Defendants appeared for the deposition, but the Plaintiff did not appear. (*Id.*¶8.)

On June 7, 2018, Defendants Jason and Nicole Hufnagle, Abigail McLatcher, Danny Thomas, and Tim Troyer filed a Supplemental Motion to Compel Discovery [ECF No. 38]. The Defendants stated that the failure of the Plaintiff to "properly and fully" respond to the

Interrogatories and Request for Production of Documents and to appear for his deposition rendered them unable to investigate the Plaintiff's claims and prepare their defense.

On June 12, 2018, the Court granted the Plaintiff's counsel's Motion to Withdraw as Attorney [ECF No. 42]. On June 26, 2018, the Court unsuccessfully attempted to contact the Plaintiff for the scheduled telephonic Status Conference on the issue of his attorney representation. [ECF No. 44]. The Plaintiff did not appear and the Court assumed that the Plaintiff intended to proceed pro se.

On July 19, 2018, the Court ordered the Plaintiff to serve on Defendants, on or before August 3, 2018, his response to Defendants' written discovery requests and to appear for a deposition on a date within thirty days [ECF No. 46]. The Court warned the Plaintiff in its Order that failure to "serve his responses by the deadline, to appear for his deposition, or to otherwise comply with the Federal Rules of Civil Procedure or Court Orders may lead to this case being dismissed with prejudice under either Federal Rule of Civil Procedure 37 or 41." (Order Granting Defs Mot. to Compel Disc.at 2.) As of the date of this Order, the Plaintiff has not yet responded to the Defendants' written discovery requests.

On July 24, 2018, the Defendants served an Amended Notice of Deposition on the Plaintiff to appear for a deposition on August 7, 2018. (Defs. Mot. for Sanction and Mot. to Dismiss, Ex. 1.) The Plaintiff did not appear for his deposition on that date.

On August 9, 2018, the Defendants filed a Motion for Sanctions and to Dismiss [ECF No. 47] arguing that the Plaintiff has not prosecuted his claim in the past six months, citing the Plaintiff's continued failure to comply with discovery, the Orders of the Court, and failure to contact counsel for the Defendants upon the withdrawal of his attorney. As of the date of this Order, the Plaintiff has not responded to the Defendants' Motion.

## DISCUSSION

**A.**     **Defendants Thomas, J. Hufnagle, N. Hufnagle, McLatcher, and Troyer**

Federal Rules of Civil Procedure 37(b)(2) and 41(b) outline the means by which courts may dismiss a case as a sanction against a party who fails to comply with a court order or fails to comply with or permit discovery. Rule 37(b)(2) allows a court to dismiss an action for failure to comply with a court discovery order. A district court may dismiss a case upon finding that the plaintiff, through his actions, displayed willfulness, bad faith, or fault. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Under Rule 37, "a finding of willfulness, bad faith, or fault" applies to dismissals that "are used specifically as a discovery sanction." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), overruled on other grounds by *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016). The Seventh Circuit has stated that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort." *Rice v. City of Chi.*, 333 F. 3d 780, 786 (7th Cir. 2003).

The Plaintiff's failure to participate in discovery prejudices the Defendants and their efforts to file dispositive motions or prepare for trial. The Plaintiff, even when counsel represented him, failed to comply with discovery deadlines agreed upon among counsel for the Plaintiff and the Defendants. The Plaintiff has not contacted the Defendants to discuss any matters of discovery since his counsel withdrew on June 12, 2018. In its Order of July 19, 2018, the Court warned the Plaintiff "that failure to serve his responses by the deadline, to appear for his deposition, or to otherwise comply with the Federal Rules of Civil Procedure or Court Orders may lead to this case being dismissed with prejudice under either Federal Rule of Civil Procedure 37 or 41." (*See* Order Granting Defs. Mot. to Compel Disc.at 2, ECF No. 46.). Despite

4

this explicit warning, the Plaintiff has not adhered to Court-ordered discovery deadlines and is at fault in doing so.

Rule 41(b) allows a court to dismiss an action, upon motion, "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *Ball v. City of Chi.*, 2 F.3d 752, 753 (7th Cir. 1993). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard* 332 F.3d 467 (internal quotation marks and citation omitted). The Seventh Circuit has summarized the factors relevant to the decision whether to dismiss a suit under Rule 41(b) as follows:

> [F]requency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. There is no "grace period" before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.

*Ball*, 2 F.3d at 759--60 (7th Cir. 1993); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (noting that "ordinary misconduct" can be punished by dismissal after a warning and the judge concludes that dismissal is "an appropriate sanction" given the circumstances of the case.).

The Plaintiff has failed to prosecute his case in several respects. The Plaintiff did not appear at a Court-ordered status conference, even though fourteen days prior to the conference the Court had directed the Clerk to provide, by first class and certified mail, the Plaintiff with an updated copy of the docket, a copy of the Court's Order granting his counsel's Motion to Withdraw Appearance [ECF No. 42], and a copy of the pending Supplemental Motion to Compel

5

Discovery. The certified mail was returned from the Plaintiff as unclaimed [ECF No. 45]. The Plaintiff has also failed to respond to Court-ordered discovery deadlines, and to respond to the Defendants' pending Motion to Sanction and Dismiss, despite the Court's explicit warnings regarding the potential for dismissal. As of the date of this Opinion and Order the Plaintiff does not appear to have taken any action for several months.[1] The Plaintiff's cumulative failures impact the Court's calendar and prejudice other litigants.

Discovery concerns and consideration of the factors listed in *Ball v. City of Chicago*, show that dismissal is an appropriate action under Rules 37(b)(2) and 41(b).

**B.     Quality Correctional Care and Dismissal**

Defendant Quality Correctional Care was not a party to the other Defendants' Motion for Sanctions and to Dismiss [ECF No. 47]. However, a district court may dismiss an action for failure to prosecute under rule 41(b) sua sponte, as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F. 3d 672, 681 (7th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Plaintiff, despite explicit warnings, has not responded to court-ordered discovery requests and failed to further prosecute his case in regards to the Defendant. As noted above, discovery concerns and consideration of the factors listed in *Ball v. City of Chicago* show that dismissal is an appropriate action in this instance.

---

[1] The June 7, 2018 Supplemental Motion to Compel Discovery states that in a conversation with the Plaintiff's previous attorney, counsel said that "he and his office have been unable to communicate with the Plaintiff for many months" [ECF No. 38, Ex. F at 1]. This suggests that the Plaintiff has been uninvolved and a non-participant in this matter for a significant period of time, beginning before the Plaintiff's counsel withdrew on June 12, 2018 [ECF No. 42].

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Dismiss [ECF No. 47] and ORDERS this case DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).

SO ORDERED on September 12, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT